IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ELITE CONSTRUCTION TEAM, INC., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-14-2358 |
| WAL-MART STORES, INC., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

*I. Background*

Plaintiff Elite Construction Team, Inc. ("Elite"), sued Wal-Mart Stores, Inc. ("Wal-Mart"), and Liberty Mutual Insurance Company ("Liberty Mutual") in an attempt to be paid for construction work Elite alleges it did on three Wal-Mart stores, two in Maryland and one in Virginia. (Compl., ECF No. 1.) Pending before the Court are Wal-Mart's motion to dismiss the counts against it (Counts I, III, and V) (ECF No. 8) and Liberty Mutual's motion to stay the case pending completion of alternative dispute resolution proceedings (ECF No. 9). The motions have been briefed (ECF Nos. 10, 11, 12, 13), and no hearing is required, Local Rule 105.6 (D. Md. 2014). The motions will be granted.

*II. Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555.

### III. *Allegations of the Complaint*

Wal-Mart entered into contracts with RIV Construction Group, Inc. ("RIV"), for the construction of three Wal-Mart stores; two are in Maryland, and one is in Virginia.  (Compl. ¶¶ 7, 17, 27.)  In turn, RIV, using a standard form agreement, entered into a subcontract with Elite to perform certain site development services for each of the three Wal-Mart construction projects.  (*Id.* ¶¶ 8, 18, 28.)  Elite furnished labor and materials and extra work "at the express request and/or direction of RIV" for each of the projects.  (*Id.* ¶¶ 9, 19, 29.)  RIV has failed and refused to pay Elite for its work on these three projects; a total of $1,428,804.55 is owed by RIV to Elite.  (*Id.* ¶¶ 10, 20, 30.)  Upon Elite's information and belief, Wal-Mart "has withheld monies from RIV in an amount equal to or in excess of" the amounts Elite claims to be owed by RIV.  (*Id.* ¶¶ 11, 21, 31.)

### IV. *Analysis of the Motion to Dismiss*

Each of the three counts by Elite against Wal-Mart is asserted under a theory of breach of implied contract or quantum meruit and seeks the money Elite is due from RIV. The three counts fail under Maryland law.

The decision of *Bennett Heating & Air Conditioning, Inc. v. NationsBank of Maryland*, 674 A.2d 534 (Md. 1996), is directly on point and forecloses Elite's claims against Wal-Mart. The *Bennett* opinion spoke approvingly of the general explanation of restitution in a treatise by Professor Dan B. Dobbs. *Id.* at 539 n.4 (citing 1 D. Dobbs, *Law of Remedies* § 4.1(1), at 556 (2d ed. 1993)). Quantum meruit and implied contract, or quasi-contract, are all aimed at achieving restitution. *Id.* "[R]estitution is a restoration required to prevent unjust enrichment." *Id.* However, in analyzing a subcontractor's claim against a property owner, the *Bennett* court aligned itself with the overwhelming number of other jurisdictions that deny relief to unpaid subcontractors claiming the owners are unjustly enriched. *Id.* at 541. The rationale is that the owner's enrichment is not unjust because he got no more than what he contracted for with the general contractor; the subcontractor is a stranger to that contract. *Id.* at 540-41. Thus, "'the subcontractor relied on the credit of the general contractor, not the owner, and it is not unfair to him or enriching to the landowner to respect the contractual arrangement.'" *Id.* at 541 (quoting 1 Dobbs § 4.9(4), at 698. Furthermore, the owner "'remains liable for the payments due the contractor if he has not already paid. Indeed, this liability redounds to the benefit of the sub, who can, using garnishment or subrogation, enforce his claim against the general contractor against any funds retained by the landowner.'" *Id.* (quoting Dobbs, *id.*). *See also Berry & Gould, P.A. v. Berry*, 757 A.2d 108, 116 (Md. 2000) (reaffirming absence of restitution remedy for subcontractor directly against owner with whom subcontractor is not in privity); *Truland*

3

*Serv. Corp. v. McBride Electric, Inc.*, Civ. No. ELH-10-3445, 2011 WL 1599543, at *8-10 (D. Md. Apr. 27, 2011) (rejecting similar counts brought under theories of quantum meruit and implied-in-fact contract).

It is this latter point that seems to have escaped Elite in pressing its claim against Wal-Mart. Elite has not, in this suit, sued RIV, but if it were to obtain a judgment against RIV, then Elite could seek through garnishment or subrogation the monies owed by Wal-Mart to RIV. It cannot, however, skip that necessary step and proceed directly to suit against Wal-Mart.

In an effort to overcome the unassailable holding of *Bennett*, Elite argues in its opposition that it was an intended beneficiary of the contracts between Wal-Mart and RIV and, therefore, a constructive trust was created in Elite's favor for the monies Elite was supposed to receive from RIV and, through RIV, secondarily from Wal-Mart. (Pl.'s Opp'n 1.) Notably, Elite does not cite any Maryland case of like circumstances for this proposition that so clearly runs afoul of *Bennett*. The Maryland Court of Appeals has clarified that a constructive trust is a remedy for unjust enrichment. *Washington Suburban Sanitary Comm'n v. Utilities, Inc. of Maryland*, 775 A.2d 1178, 1200 (Md. 2001) (citing 1 Dobbs § 4.3(2), at 597). Because Maryland precedent unequivocally establishes that Wal-Mart is not unjustly enriched in the instant circumstances, *see Bennett*, Elite's argument for the creation of a constructive trust fails. Moreover, as Wal-Mart points out, the contracts between Wal-Mart and RIV expressly disavow any interpretation of them that would "confer any rights upon any person who is not a party to this Contract." (Wal-Mart's Reply 6 (citing Contracts, article 23.3, Pl.'s Opp'n, Exs. 1-3).) Additionally, Elite has made no allegations that it had direct dealings with Wal-Mart such that a contract arose between

them.[1] No contract between Wal-Mart can be implied either in law or in fact. The counts against Wal-Mart will be dismissed.

The Court notes that Wal-Mart's motion includes a request that Wal-Mart be awarded "its attorney's fees, costs, and such other appropriate relief" (Wal-Mart's Mot. Dismiss 1), but has provided no argument justifying such an award. That request will be denied.

*V. Motion to Stay*

Whether to stay a case is a decision made in the exercise of discretion by the district court as part of its inherent power to control its own docket. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Economy of time and effort for the court, counsel, and litigants is taken into consideration in this decision, "which must weigh competing interests and maintain an even balance." *Id.* at 254-55. A party seeking a stay must demonstrate a pressing need for one, *id.* at 255, and that the need for a stay outweighs any possible harm to the nonmovant. *Mike's Train House v. Broadway Ltd.*, Civ. No. JKB-09-2657, 2011 WL 836673, at *1 (D. Md. Mar. 3, 2011). *See also In re Sacramento Mun. Utility Dist.*, 395 F. App'x 684, 687-88 (Fed. Cir 2010) (unpublished). Three factors should be considered in weighing a motion to stay: "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Davis v. Biomet Orthopedics, LLC*, Civ. No. JKB-12-3738, 2013 WL 682906 (D. Md. Feb. 22, 2013) (citations and internal quotation marks omitted).

---

[1] The Court notes Wal-Mart's objection to Elite's submission of an affidavit from Robert J. Dumas, Jr., who is vice-president of Elite. (Wal-Mart's Reply 6-7, citing Pl.'s Opp'n, Ex. 7.) In the affidavit, Dumas declares that he spoke with someone of unknown position at Wal-Mart and she indicated Wal-Mart would withhold money from RIV as a result of RIV's failure to pay Elite. It is improper for Elite to submit factual evidence in an effort to salvage its complaint; the viability of the complaint rises and falls on the allegations within it, not extrinsic evidence as to the merits of the case. Even if the affidavit were proper, Elite fails to explain how this statement, accepting it as true, creates an enforceable right of action by Elite against Wal-Mart.

In the context of cases involving both arbitrable and nonarbitrable claims, the Fourth Circuit has emphasized that the district courts possess discretion to stay the nonarbitrable claims pending the resolution of arbitration proceedings. *Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 96-97 (4th Cir. 1996). *See also Am. Home Assurance Co. v. Vecco Concrete Constr. Co., Inc.*, 629 F.2d 961, 963-64 (4th Cir. 1980) (finding all litigation in case involving multiple claims arising from construction contract dispute should be stayed, including claims made against surety on payment bond, because "questions of fact common to all actions pending in the present matter are likely to be settled during the . . . arbitration" between general contractor and subcontractor); *United States f/u/b/o MPA Constr., Inc. v. XL Specialty Ins. Co.*, 349 F. Supp. 2d 934, 940 (D. Md. 2004) (finding discretionary stay appropriate for subcontractor's claim against surety pending arbitration of underlying dispute); *Inst. of Mission Helpers of Baltimore City v. Reliance Ins. Co.*, 812 F. Supp. 72, 76 (D. Md. 1992) (same).

In this case, whether RIV is liable to Elite is, according to the subcontracts' terms, to be settled through binding arbitration. Prior to binding arbitration, the parties can engage in mediation in an attempt to settle their dispute informally. A determination of whether RIV is liable to Elite is necessarily implicated in a determination of whether payment should be made under Liberty Mutual's payment bond. Potentially anomalous results could arise from continuing Elite's suit against Liberty Mutual if a decision or settlement is reached in the underlying arbitration, and mediation prior to arbitration, and that decision is at odds with a decision in the instant case. Further, no harm to Elite is apparent from a stay of this suit while efforts are made to resolve the underlying dispute between RIV and Elite. The Court finds it is an appropriate exercise of the Court's discretion to stay Elite's claims against Liberty Mutual.

*VI. Conclusion*

The Court concludes that Elite's claims against Wal-Mart fail to state a claim for relief and should be dismissed. Also, Liberty Mutual's motion for stay should be granted. A separate order follows.

DATED this   2nd    day of March, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge
